UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

<table>
<tr><td>DANIEL DELACRUZ,<br><br>       Plaintiff,<br><br>   v.<br><br>THE STATE BAR OF CALIFORNIA, et al.,<br><br>       Defendants.</td><td>Case No. 19-CV-03241-LHK<br><br>**ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 33, 34, 35, 49</td></tr>
</table>

Plaintiff Daniel Delacruz, Sr. brings suit against a number of individuals and entities related to the denial of his license to practice law. Before the Court are two motions to dismiss: a motion to dismiss filed by Defendants City of Fresno, the Fresno Police Department, Steven Card, Cathy Sherman, and the law firm Ferguson, Praet, & Sherman APC (collectively, the "Fresno Defendants"), ECF No. 33; and a motion to dismiss filed by Defendants the State Bar of California and Steven James Moawad (collectively, the "State Bar Defendants"), ECF No. 34. Additionally, both Delacruz and the State Bar Defendants have moved for sanctions. ECF Nos. 35, 49. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS both motions to dismiss, DENIES Delacruz's motion for sanctions, and

1

GRANTS in part the State Bar Defendants' motion for sanctions.

## I.   BACKGROUND

This suit is the latest chapter in the protracted litigation between Delacruz and the State Bar of California (the "State Bar"). Because Delacruz's prior cases provide important factual context for the instant case, the Court considers them relevant background information and describes them briefly below.

### A. *Delacruz I*

In N.D. Cal. Case No. 14-CV-05336-EJD ("*Delacruz I*"), Delacruz filed suit in this District, in which he alleged nineteen causes of action against 54 defendants, including the State Bar, various officers of the State Bar, and numerous other individuals and entities. *Delacruz I*, ECF No. 1 at 1–2. Delacruz's allegations begin in February 1997, when Officer Steven Card arrested Delacruz for domestic violence on the basis of a police report that Delacruz claimed was fabricated. *Id.* at ¶¶ 32–39. Delacruz pled nolo contendere to one count of domestic violence, which Delacruz claims he did to avoid prison time and to deal with his serious medical condition of Fabry's Disease. *Id.* at ¶ 40. After receiving successful treatment and mitigating symptoms of his condition, Delacruz completed law school studies and took the California State Bar exam in February 2011, which he passed. *Id.* at ¶¶ 41–48. However, in September 2011, the State Bar denied Delacruz's bar license on the basis of his moral character and upheld that determination following Delacruz's administrative appeal. *Id.* at ¶¶ 48–51. Delacruz appealed this decision to both the California Supreme Court and the United States Supreme Court, both of which declined review. *See Delacruz on Admission*, No. S213363, petition for review denied (Cal. Oct. 20, 2013); *Delacruz v. Comm. of Bar Examiners of the State Bar of California*, 572 U.S. 1089 (2014).

Delacruz's complaint in *Delacruz I*, which spans 105 pages, details a multitude of grievances with the State Bar's process and alleges a vast network of countless individuals and entities that had conspired to "benefit Defendant State Bar of California in denying Plaintiff a license to practice law by engaging in tortious conduct at the expense of Plaintiff's Civil Rights,

inter alia." *See id.* at ¶ 27. Delacruz brought numerous claims, including claims for

discrimination based on race and disability, fraud, extortion, and breach of contract. *Id.* at 1–2.

Ultimately, in *Delacruz I*, United States District Judge Edward Davila dismissed all of Plaintiff's

claims without leave to amend and entered judgment in favor of the defendants. *Delacruz I*, ECF

No. 332. The Ninth Circuit affirmed in an unpublished memorandum disposition and later denied

Delacruz's petition for rehearing en banc. Ninth Circuit Case No. 17-17340, ECF Nos. 66, 68.

The United States Supreme Court denied Delacruz's petition for writ of certiorari. *Delacruz I*,

ECF No. 354.

**B. *Delacruz II***

In N.D. Cal. Case No. 16-06858-BLF ("*Delacruz II*"), Delacruz again sued the State Bar

and various officials associated with the State Bar, as well as unnamed Does 1 through 64.

*Delacruz II*, ECF No. 1 at 1. After United States District Judge Beth Labson Freeman dismissed

with leave to amend the Complaint in part, Delacruz filed a First Amended Complaint, which

added a law firm and its employee as defendants. *Delacruz II*, ECF No. 52 ("FAC") at 1. In the

FAC, Delacruz alleged that, after he was denied admission to the State Bar the first time, in

September 2013, he applied a second time for a law license. *Id.* ¶ 16. As part of this process, he

created a survey and published it on his website "seeking the public's opinion about the moral

character of several individuals" who Delacruz alleged had "unjustly denied [his] first law license

application. *Id.* ¶ 17. Officials at the State Bar attempted to investigate Delacruz's website.

However, Delacruz had imposed various disclaimers as terms and conditions to access Delacruz's

website, such as requiring waiver of immunities including "Eleventh Amendment Immunity,

absolute litigation privilege, Judicial Immunity, Anti-SLAPP statute, *Rooker-Feldman* doctrine,

and *Noerr-Pennington* doctrine." *Id.* ¶¶ 24–26. Delacruz alleged that, in March 2015, he again

received correspondence indicating that he "lacks the good moral character to become an attorney

in the State of California at this time." *Id.* ¶ 37.

Based on those allegations, Delacruz brought claims of conspiracy to commit computer

Case No. 19-CV-03241-LHK
ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND
GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

fraud, conspiracy to violate equal protection and race and disability discrimination laws, and violation of the California Public Records Act. *Id.* Judge Freeman dismissed the claims without leave to amend and entered judgment in favor of the defendants. *Delacruz II*, ECF Nos. 97, 98. The Ninth Circuit again affirmed in an unpublished memorandum disposition and again denied Delacruz's petition for rehearing en banc. Ninth Circuit Case No. 18-16956, ECF Nos. 42, 46.

### C. *Delacruz III*

In the instant suit, N.D. Cal. Case No. 19-CV-03241-LHK ("*Delacruz III*"), Delacruz filed his Complaint on June 10, 2019. ECF No. 1 ("Complaint"), in which he alleges RICO violations against the State Bar and Steven James Moawad, who serves as the Chief Trial Counsel for the State Bar (collectively, the "State Bar Defendants"), as well as against the City of Fresno, the Fresno Police Department, Officer Steve Card, Cathy Sherman, and the law firm of Ferguson, Praet, & Sherman APC (collectively, the "Fresno Defendants"). Specifically, in Claim One, Delacruz alleges against all defendants:

> The defendants are colluding with the State Bar to use the U.S. postal service, telephone and internet in violation of 18 U.S.C. § 1341 (mail fraud) and § 1343 (wire fraud) spanning several years to conduct their pattern of multiple false and fraudulent misrepresentations to Delacruz in violation of 18 U.S.C. § 1962 a.k.a. RICO that his aforementioned federal and constitutional rights would be recognized pursuant to Business & Professions Code §6085 of the State Bar Act.

*Id.* at 6. In Claim Two, Delacruz alleges against Ferguson, Praet, & Sherman[1]:

> The law firm of Ferguson, Praet & Sherman representing the City of Fresno, the Fresno Police Department and police officer Steve Card violated RICO because they violated Delacruz' constitutional rights to privacy when they disseminated a police report around June 11, 2015 - that was falsified by police officer Steve Card containing Delacruz' social security number - via email to . . . twenty four email addresses.

*Id.* Although the Complaint provides scant detail about the facts underlying the alleged RICO violations, Delacruz contends that he "is preparing to submit his third law license application." *Id.*

---

[1] Although the Complaint is unclear whether Delacruz alleges this claim against only the law firm, *see* Compl. at 6, construing the Complaint liberally, the Court concludes that Delacruz likely meant to allege this claim against Sherman too as it appears to be Sherman's only involvement in the alleged conduct.

at 2–3. As a result, Delacruz's Complaint seeks, *inter alia*, over $2,100,000 in damages from "lost income as an attorney," an injunction against all of the defendants to stop conspiring in violation of RICO, and an injunction requiring all of the defendants to "destroy all physical and digital copies" of Officer Card's police report. *Id.* at 7. The Complaint also includes a request for a preliminary injunction. *Id.* at 6–7.

On September 12, 2019, the Fresno Defendants filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 33 ("Fresno MTD"). On September 24, 2019, Delacruz filed an opposition, ECF No. 38 ("Opp'n to Fresno MTD"), and, on October 3, 2019, the Fresno Defendants filed a reply, ECF No. 43 ("Reply to Fresno MTD").

Separately, on September 18, 2019, the State Bar Defendants filed a separate motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 34 ("State Bar MTD"). On October 1, 2019, Delacruz filed an opposition. ECF No. 41 ("Opp'n to State Bar MTD"). On October 9, 2019, the State Bar Defendants filed a reply. ECF No. 45 ("Reply to State Bar MTD").

On the same day that the State Bar Defendants filed their motion to dismiss, the State Bar Defendants also filed a motion for Rule 11 Sanctions. ECF No. 35 ("Defs.' Mot. for Sanctions"). On October 1, 2019, Delacruz filed an opposition to the motion for sanctions. ECF No. 42 ("Opp'n to Defs.' Mot. for Sanctions"). On October 9, 2019, the State Bar Defendants filed a reply. ECF No. 46 ("Reply to Defs.' Mot. for Sanctions").

On October 15, 2019, Delacruz filed his own motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927. ECF No. 49 ("Pl.'s Mot."). The Fresno Defendants filed an opposition on October 28, 2019, ECF No. 50 ("Fresno Opp'n to Pl.'s Mot."), and the State Bar Defendants filed a separate opposition on October 29, 2019, ECF No. 51 ("State Bar Opp'n to Pl.'s Mot."). Delacruz filed a reply on November 4, 2019. ECF No. 52 ("Reply to Pl.'s Mot.").

Finally, in support of their motions, the parties filed a number of requests and motions for judicial notice. Specifically, in support of their motion to dismiss, the Fresno Defendants

requested that the Court judicially notice filings in *Delacruz I*, ECF No. 33-2, which Delacruz opposed, ECF No. 39. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Because the proceedings in *Delacruz I* are clearly relevant to the case at hand, and because the Court determines that Delacruz's objections are without merit, the Court GRANTS Defendants' request for judicial notice.

Delacruz also requested that the Court judicially notice a number of filings in various other court proceedings, ECF No. 40, which the Fresno Defendants opposed, ECF No. 44. In his reply Delacruz moved the Court to judicially notice additional documents that he argues are relevant to the motion for sanctions, ECF No. 48, such as an order from Delacruz's criminal proceedings in California state court. Because judicially noticing these documents does not impact the Court's decision below, the Court GRANTS Delacruz's motions for judicial notice. However, while a court may take judicial notice of the existence of matters of public record, the Court may not accept the truth of the disputed facts cited therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

## II.    LEGAL STANDARD

### A.  Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A jurisdictional challenge may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the complaint's allegations are sufficient on their face to invoke federal jurisdiction and accepts all material allegations as true and construes them in favor of the party asserting jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. In resolving a factual dispute regarding subject matter jurisdiction, a court

may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment.  *See id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").  Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

"[A]lthough sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit."  *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).  Thus, once a defendant has asserted sovereign immunity pursuant to Rule 12(b)(1), "'the party asserting subject matter jurisdiction has the burden of proving its existence,' i.e. that immunity does not bar the suit."  *Id.* (quoting *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013)).

**B.  Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (internal quotation marks omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## C. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

### A. Defendants' Motion to Dismiss

As an initial matter, Delacruz repeatedly argues that Defendants' filings, including both motions to dismiss, should be denied because they are "defective" for failing to include an

Case No. 19-CV-03241-LHK
ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

affidavit or declaration. *See, e.g.*, Opp'n to Fresno MTD at 1 (citing 7-5). Civil L.R. 7-5 provides that "Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." However, as the State Bar Defendants correctly note, on a motion to dismiss, the Court accepts factual allegations in the Complaint as true and merely construes the allegations in the plaintiff's complaint in the light most favorable to the nonmoving party. *See* Reply to State Bar MTD at 1; *Manzarek*, 519 F.3d at 1031 (explaining that, on a motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."). Accordingly, Defendants' motions are not defective and the Court proceeds to address Defendants' arguments on the merits.

The State Bar Defendants move to dismiss pursuant to Rule 12(b)(1) on the ground that the State Bar Defendants are entitled to sovereign immunity. Additionally, both the State Bar Defendants and the Fresno Defendants move for dismissal pursuant to Rule 12(b)(6). State Bar MTD at 4–13; Fresno MTD at 3–14. The Court first considers the State Bar Defendants' argument for dismissal under Rule 12(b)(1), and then turns to the Defendants' arguments for dismissal pursuant to Rule 12(b)(6).

### 1. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1)

The State Bar Defendants argue that the Court lacks subject matter jurisdiction over Delacruz's claims against the State Bar Defendants because the Eleventh Amendment bars Delacruz from raising his claims against the State Bar and against Moawad. State Bar MTD at 4–8. The Court agrees that the Eleventh Amendment bars Delacruz's claims against the State Bar, but disagrees that Moawad is also entitled to Eleventh Amendment immunity for all of Delacruz's claims.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

9

U.S. Const. amend. XI. As such, "the Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).

The Ninth Circuit has explicitly held that the "Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association." *Hirsch v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995). Thus, the Court lacks subject matter jurisdiction to adjudicate claims brought against the State Bar unless an exception applies. Specifically, the Court may retain subject matter jurisdiction where: (1) Congress has abrogated that immunity pursuant to its lawmaking powers conferred by the United States Constitution, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000); (2) a state has waived its Eleventh Amendment immunity by consenting to suit, *College Sav. Bank Florida v. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); or (3) the plaintiff sues a state official in his or her official capacity for prospective injunctive relief under the *Ex parte Young* doctrine, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996). Here, Delacruz argues that the following two exceptions apply: that Congress has abrogated the State Bar Defendants' sovereign immunity, Opp'n to State Bar MTD at 3–5, and that the *Ex parte Young* doctrine allows him to raise his claims for prospective injunctive relief, Opp'n to State Bar MTD at 1–2. The Court addresses each argument in turn.

First, Delacruz's argument that Congress has abrogated the State Bar Defendants' immunity in this case is without merit. Specifically, Delacruz argues that the Americans with Disabilities Act ("ADA") abrogates state sovereign immunity, and that the State Bar Defendants "violated Plaintiff's ADA rights." Opp'n to State Bar MTD at 3–4. Delacruz quotes the applicable provision of the ADA, which states:

> A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction *for a violation of this chapter*. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

10

United States District Court
Northern District of California

42 U.S.C. § 12202 (emphasis added).

Having acknowledged that this provision abrogates sovereign immunity only for violations of the ADA, Delacruz proceeds to recite elements supporting an ADA claim that are wholly absent from the Complaint. *Compare* Opp'n to State Bar MTD at 4, *with* Compl. at 6–7. In the Complaint, other than listing the ADA as one of the statutes giving rise to federal question jurisdiction, *see* Compl. at 4, Delacruz does not assert any claims involving his disability. Delacruz may not amend the Complaint through briefing, and "allegations raised for the first time in the briefing are not considered in determining the sufficiency of the complaint." *Diamond S.J. Enterprise, Inc. v. City of San Jose*, No. 18-CV-01353-LHK, 2018 WL 5619746, at *6 (N.D. Cal. Oct. 29, 2018) (quoting *SriCom, Inc. v. EbisLogic, Inc.*, 2012 WL 4051222, at *6 (N.D. Cal. Sept. 13, 2012) (alteration omitted)). Delacruz was previously admonished that, "[a]lthough a pro se litigant's pleading and papers should be construed liberally, argument in opposition cannot cure a defect in the pleading." *Delacruz II*, 2017 WL 3129207, at *3. Accordingly, because Delacruz failed to plead any ADA claim in the Complaint, the ADA's abrogation of state sovereign immunity for ADA claims is wholly inapposite to the case at hand. Moreover, Delacruz has raised his ADA claims previously in other suits. Most recently, in *Delacruz II*, the court found his ADA claim barred by res judicata because the California Supreme Court had previously denied this claim on the merits. *See Delacruz II*, 2018 WL 3077750, at *11.

Second, the *Ex parte Young* doctrine does not apply to the State Bar. The *Ex parte Young* doctrine only permits federal court jurisdiction "over a suit against a state official when that suit seeks only prospective injunctive relief." *Seminole Tribe*, 517 U.S. at 73. Thus, as the *Delacruz II* court previously explained, the *Ex parte Young* doctrine does not apply to suits "against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Delacruz II*, 2017 WL 3129207, at *2 (quoting *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995)). Because the State Bar is a state agency and not a state official, *Ex parte Young* does not apply, and sovereign immunity pursuant to the Eleventh Amendment bars Delacruz's claims against the State Bar. Similarly,

Case No. 19-CV-03241-LHK
ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

sovereign immunity bars Delacruz's request for "damages over seven years in excess of $2,100,000" from both the State Bar and Moawad, Compl. at 7, because the request seeks remedial, monetary relief, rather than prospective, injunctive relief, *see Seminole Tribe*, 517 U.S. at 73. In fact, the *Delacruz II* court previously dismissed with prejudice claims for monetary damages against the State Bar and related officials on the same ground of sovereign immunity. *See Delacruz II*, 2017 WL 3129207, at *2. Accordingly, the Court dismisses without leave to amend all of Delacruz's claims against the State Bar, as well as Delacruz's claim for damages against Moawad.

However, the *Ex parte Young* doctrine does permit Delacruz to bring claims for prospective, injunctive relief against Moawad in his official capacity. *See Seminole Tribe*, 517 U.S. at 73. Delacruz asserts two such claims for prospective, injunctive relief. Delacruz requests that the Court enjoin all of the defendants "from colluding with the State Bar [in] violating the RICO Act through the State Bar's pattern of collecting thousands of dollars in fees." Compl. at 7. Delacruz also requests that the Court enjoin all of the defendants from "disclosing or disseminating the aforementioned false police report . . . and to destroy all physical and digital copies therefore." *Id.* These claims for relief appear to request prospective, injunctive relief from Moawad in his official capacity, and they therefore fall into the *Ex parte Young* exception to sovereign immunity. *See Seminole Tribe*, 517 U.S. at 73.

The Court is unpersuaded by the State Bar Defendants' remaining immunity arguments as to Moawad. Specifically, the State Bar Defendants argue that Moawad is entitled to absolute or qualified immunity. State Bar MTD at 6–7. However, these immunities are personal immunities available only to individuals sued in their individual capacities. In *Lewis v. Clarke*, 137 S. Ct. 1285, 1291 (2017), the United States Supreme Court clarified the distinction between an official-capacity suit and an individual-capacity suit and explained, "An officer in an individual-capacity action . . . may be able to assert *personal* immunity defenses, such as, for example, absolute prosecutorial immunity in certain circumstances." Similarly, the Ninth Circuit has held that

Case No. 19-CV-03241-LHK
ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

qualified immunity is "a defense available only to government officials sued in their individual capacities." *Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 965 (9th Cir. 2010). Because the State Bar Defendants acknowledge that "the Court must construe the suit to be against Moawad in his official capacity," State Bar MTD at 6, they cannot also claim that personal immunities apply.

In sum, sovereign immunity bars all of Delacruz's claims against the State Bar, as well as its claim for monetary damages against Moawad. Accordingly, the Court GRANTS the State Bar Defendants' motion to dismiss these claims. Because amendment of these claims would be futile in light of the State Bar Defendants' immunity, dismissal is without leave to amend. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). By contrast, Moawad is not entitled to any form of immunity for claims against him requesting prospective, injunctive relief, although the Court finds dismissal of these claims appropriate on other grounds as explained below.

### 2. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Defendants also move for dismissal under Rule 12(b)(6) on the grounds of (1) *Noerr-Pennington* immunity, as to Claim Two against Defendant Sherman and Defendant Ferguson, Praet, & Sherman APC ("FP&S"); (2) statute of limitations, as to Claim One against all defendants; (3) *Heck* preclusion, as to Claim One against all Defendants; and (4) failure to state a RICO violation, as to Claim One and Claim Two against all Defendants.[2] The Court considers the Defendants' arguments in turn below.

#### a. *Noerr-Pennington* Immunity

The Fresno Defendants argue that Sherman and FP&S are entitled to immunity under the *Noerr-Pennington* doctrine as to Claim Two. The Court agrees.

"Under the *Noerr–Pennington* doctrine, those who petition any department of the

---

[2] The parties also dispute whether Delacruz has standing to bring claims under Cal. Bus & Prof. Code section 6085 because he is not licensed by the bar. *See* Fresno MTD at 4–5; Opp'n to Fresno MTD at 1–3. In light of the numerous reasons warranting dismissal as discussed below, the Court need not reach this dispute.

Case No. 19-CV-03241-LHK
ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). This doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances." *See* U.S. Const. amend. I. While the *Noerr–Pennington* doctrine arose in the antitrust context, the United States Supreme Court has since held that "*Noerr-Pennington* principles 'apply with full force in other statutory contexts' outside antitrust." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 644 (9th Cir. 2009) (quoting *Sosa*, 437 F.3d at 930). Moreover, the Ninth Circuit has specifically applied the *Noerr–Pennington* doctrine to claims brought under RICO. *See, e.g.*, *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643–48 (9th Cir. 2009); *Sosa*, 437 F.3d at 929–32.

To determine whether a defendant's conduct is immunized under *Noerr-Pennington*, a court must apply a three-part test, whereby a court must "(1) identify whether the lawsuit imposes a burden on petitioning rights, (2) decide whether the alleged activities constitute protected petitioning activity, and (3) analyze whether the statutes at issue may be construed to preclude that burden on the protected petitioning activity." *Kearney*, 590 F.3d at 644. Here, the only conduct Delacruz alleges against Sherman and FP&S[3] is that they "violated RICO because they violated Delacruz'[s] constitutional rights to privacy when they disseminated a police report around June 11, 2015 . . . via email" to twenty-four email addresses. Compl. at 6. The Court finds that this alleged conduct is protected under *Noerr-Pennington*.

As to the first element, the Court finds that Delacruz's lawsuit would "impose a burden" on Sherman's and FP&S's petitioning rights. *See Kearney*, 590 F.3d at 644. *Noerr-Pennington* immunity exists, in part, to "ensure citizens may enjoy the right of access to the courts without fear of prosecution." *Sosa*, 437 F.3d at 934. As the Ninth Circuit concluded in *Sosa*, "[a] successful RICO claim would quite plainly burden" the ability of Sherman and FP&S to freely

---

[3] As discussed *supra* note 1, the Court construes Claim Two to be alleged against both Sherman and FP&S.

Case No. 19-CV-03241-LHK
ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

engage in future litigation due to imminent threat of treble RICO damages for discovery communications. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 932 (9th Cir. 2006); 18 U.S.C. § 1964(c) (treble damages for civil RICO). Moreover, Delacruz's argument that his lawsuit would "discourage[] . . . future violations of constitutionally protected privacy rights" concedes that the instant suit would impact how Sherman and FP&S conduct litigation in the future. *See* Opp'n to Fresno MTD at 22. The Court thus finds that the first prong of the test for *Noerr-Pennington* immunity is met because "the lawsuit imposes a burden on [Sherman & FP&S's] petitioning rights." *See Kearney*, 590 F.3d at 644.

As to the second element, Ninth Circuit precedent clearly demonstrates that "the alleged activities constitute protected petitioning activity." *See Kearney*, 590 F.3d at 644. Specifically, the United States Supreme Court has held that the "right of access to the court is [an] aspect of the right of petition." *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). Accordingly, courts have held that protected petitioning activities include representing another in court proceedings and filing papers with the court. *See, e.g.*, *Rupert v. Bond*, No. 12-CV-05292-LHK, 2013 WL 5272462, at *8 (N.D. Cal., Sept. 17, 2013) (holding that *Noerr–Pennington* barred plaintiff's claims against defendants "for their conduct representing parties in a court proceeding."). In *Kearney*, the Ninth Circuit applied those protections to a lawsuit that challenged "discovery communications, interactions with expert witnesses and contractors, and statements to the court." 590 F.3d at 645. The Ninth Circuit found that the plaintiff's challenge to those facets of litigation would ultimately burden the defendants' right to petition the courts because even a lawsuit challenging "conduct incidental to litigation" implicates protected petitioning rights. *Id.* at 645. The court reasoned that the First Amendment required "breathing space" to allow for "the effective exercise of petitioning rights." *Id.* (quoting *Sosa*, 437 F.3d at 933). As in *Kearney*, Delacruz here challenges "discovery communications": namely, an email to twenty-four parties that shared a police report. *See* Compl. at 6. Because the Ninth Circuit has squarely held that discovery communications are protected "conduct incidental to litigation," the Court finds that

15

United States District Court
Northern District of California

"the alleged activities constitute protected petitioning activity." *See Kearney*, 590 F.3d at 644–45.

As to the third element, the Court finds that RICO does not authorize the burden that Delacruz's suit would place on Sherman's and FP&S's right to petition the courts. *Id.* at 644. Specifically, for the third prong of the test for *Noerr-Pennington* immunity, a court must "analyze whether the statutes at issue may be construed to preclude that burden on the protected petitioning activity." *Id.* Put another way, "[t]he question at this stage is whether, given the important goals of RICO, the [RICO] statute proscribes" the circulation of a police report containing an individual's social security number during litigation. *See Sosa*, 437 F.3d at 939. As discussed *infra* Section III.A.2.d, RICO does not proscribe the violation of constitutional rights, including any right to information privacy, but instead enumerates specific predicate acts that constitute "racketeering activity." *See* 18 U.S.C. § 1961(1) (defining "racketeering activity"). Accordingly, the Court finds that RICO does not provide special authorization for Delacruz to burden Sherman's and FP&S's petitioning rights.

Even if the challenged conduct would otherwise be immunized petitioning activity under the *Noerr-Pennington* three-part test, a court must determine whether the "sham litigation" exception applies. *Id.* The sham litigation exception "prevent[s] the immunization of conduct that used 'governmental process . . . as an anticompetitive weapon.'" *See Kearney*, 590 F.3d at 644 (quoting *Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998)). "The Ninth Circuit has held that a defendant's activities may fall into this exception if they include making intentional misrepresentations to the court that then "deprive[s] the litigation of its legitimacy." *Id.* (quoting *Kottle*, 146 F.3d at 1060 (alteration in original)).

Here, the "sham litigation" exception does not apply. Delacruz makes no argument that Sherman and FP&S were engaged in a sham lawsuit at the time of the discovery communications. *See* Opp'n to Fresno MTD at 22–24. In fact, Sherman and FP&S emailed Officer Card's police report in the course of their representation of the City of Fresno, the Fresno Police Department, and Officer Card in a lawsuit brought by Delacruz (specifically, *Delacruz I*). *See* Fresno MTD at

2–3, 13.  Instead, Delacruz argues only that Officer Card's police report itself was fraudulent, even though the court in *Delacruz I* held that claims premised on the invalidity of Officer Card's police report are barred by the *Heck* preclusion doctrine.  *See infra* Section III.A.2.c; *Delacruz I*, 2015 WL 5697365, at *7.  As such, Delacruz presents no argument that Sherman and FP&S were engaged in their discovery communications "as an anticompetitive weapon."  *See Kearney*, 590 F.3d at 644.  Thus, the Court finds that the sham litigation exception does not apply.

In sum, the Court holds that Sherman's and FP&S's email dissemination of the police report during discovery communications in the litigation of *Delacruz I* qualifies for *Noerr-Pennington* immunity.  Claim Two only alleges that Sherman and FP&S violated RICO because their email, which allegedly shared Delacruz's social security number, "violated Delacruz' constitutional rights to privacy."  Compl. at 6.  Therefore, because all of Sherman's and FP&S's alleged conduct in Count Two is protected, Delacruz may not bring Claim Two.  Additionally, the Court finds that any amendment of Claim Two would be futile in light of this immunity.  *See Leadsinger*, 512 F.3d at 532; *see Delacruz I*, 2017 WL 3670791, at *8 ("[T]here are no additional facts that would render Plaintiff's federal claims capable of overcoming *Noerr-Pennington* immunity because they stem from protected petitioning activity that does not fall within the sham exception.").  Accordingly, the Court GRANTS the Fresno Defendants' motion to dismiss Claim Two in its entirety with prejudice.

### b.  *Heck* Preclusion

The Fresno Defendants argue that the Court should dismiss Claim One with prejudice because of the *Heck* preclusion doctrine.  Fresno MTD at 5–7.  The Court agrees that the *Heck* preclusion doctrine may apply.  However, because Delacruz fails to plead his RICO claims with particularity, the Court need not reach the *Heck* preclusion issue.

Specifically, in *Delacruz I*, United States District Judge Davila held that Delacruz's claims against Officer Card were barred by the *Heck* preclusion doctrine.  2015 WL 5697365, at *7.  Judge Davila so held because "[a] judgment in favor of Plaintiff in this case, based partly on a

Case No. 19-CV-03241-LHK
ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND
GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

finding that Officer Card falsified the facts underlying Plaintiff's domestic violence conviction, would 'necessarily imply' the invalidity of that conviction, which is not alleged to have been nullified by the state court." *Id.* Thus, the *Heck* preclusion doctrine continues to bar claims that are premised on the falsity of Officer Card's police report, absent any nullification of Delacruz's conviction.

In the instant case, the Fresno Defendants again argue that the *Heck* preclusion doctrine applies because Delacruz's claims "arise from [Delacruz]'s criminal conduct." Fresno MTD at 5. However, as explained *infra* Section III.A.2.d, Delacruz fails to articulate Claim One of the Complaint exactly what fraudulent acts constitute a RICO violation. The Complaint merely states:

> The defendants are colluding with the State Bar to use the U.S. postal service, telephone and internet in violation of 18 U.S.C. § 1341 (mail fraud) and § 1343 (wire fraud) spanning several years to conduct their pattern of multiple false and fraudulent misrepresentations to Delacruz in violation of 18 U.S.C. §1962 a.k.a. RICO that his aforementioned federal and constitutional rights would be recognized pursuant to Business & Professions Code §6085 of the State Bar Act.

Compl. at 6. However, Delacruz's prayer for relief requests that Defendants be enjoined "from disclosing or disseminating the aforementioned false police report," *id.* at 7, and Delacruz makes numerous references in his opposition to the falsity of the police report, *see, e.g.*, Opp'n to Fresno MTD at 22. Accordingly, it is unclear whether the allegations of fraud in fact include allegations about the falsity of Officer Card's police report. Because Delacruz fails to plead Defendant's alleged fraud with sufficient particularity and because dismissal is warranted on other grounds, the Court need not reach the Fresno Defendants' *Heck* preclusion arguments.

### c. Statute of Limitations

The Fresno Defendants argue that the Court should dismiss the remaining RICO claim in Claim One as barred by the four-year statute of limitations. Fresno MTD at 10 (citing *Agency Holding Corp. v. Malley-Duff Assocs., Inc.*, 483 U.S. 143, 156 (1987)). Plaintiff responds that his claim is not time-barred because he "began to prepare for his third law license application in June of 2019." Opp'n to Fresno MTD at 24. The Court agrees with the Fresno Defendants that Claim One is time-barred.

18

As far as timing is concerned, Delacruz's theory of RICO liability in Claim One is internally contradictory. In the Complaint, Delacruz alleges that "the events giving rise" to Claim One occurred "[b]eginning around June 2019." Compl. at 5. However, in describing the facts underlying his claim, Delacruz alleges that the pattern of wire fraud and mail fraud "span[ned] several years." *Id.* at 6. In his opposition, Delacruz explains that the June 2019 date is when he began to prepare his third law license application. *See* Opp'n to Fresno MTD at 8, 24. Specifically, Delacruz attempts to rectify the discrepancy by arguing: "[T]his Court can draw on its experience and common sense pursuant to *Iqbal*, 556 U.S. at 679[,] that June 2019 is the date that Plaintiff began to prepare for his third law license application and 'spanning several years' are the dates of the 'predicate acts' and 'continuity' elements that RICO requires . . . ." *Id.* at 8. Thus, Delacruz concedes that the predicate acts and continuity elements *precede* the preparation of his third law license application in June 2019. By Delacruz's own admission, his claim did not accrue as recently as June 2019, but rather "several years" earlier when the alleged "predicate acts" occurred. *Id.*

The Complaint provides further clarity on the nature and timing of the alleged RICO violation in Claim One. Delacruz explains that the conduct in Claim One would lead to irreparable harm because "Delacruz'[s] two previous law licenses were denied because the defendants as private and public enterprises colluded with the State Bar by using the U.S. postal service, telephone and internet spanning several years to conduct their pattern of multiple false pretenses and fraudulent misrepresentations to Delacruz in violation of the RICO Act." Compl. at 7. Delacruz's prayer for relief is consistent; he requests "damages over seven years in excess of $2,100,000 because of lost income as an attorney and from at least $5,051 in fees that Delacruz paid the State Bar." *Id.* Accordingly, even construing the Complaint liberally, the Court finds that the alleged RICO violation in Claim One must necessarily have involved predicate acts "over seven years" ago. *See id.*

Under the Ninth Circuit's claim accrual rules for RICO violations, this RICO claim is

untimely. *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996), is instructive. In *Grimmett*, the Ninth Circuit explained the two components of the Ninth Circuit's longstanding "injury discovery" rule for RICO claims:

> First, the civil RICO limitations period "begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." The plaintiff need not discover that the injury is part of a "pattern of racketeering" for the period to begin to run. The second part of the "injury discovery" rule is the "separate accrual rule," which provides that a new cause of action accrues for each new and independent injury, even if the RICO violation causing the injury happened more than four years before.

*Id.* at 510 (citations omitted). Applying this rule, the Ninth Circuit rejected as untimely a plaintiff's RICO claim that she had been deprived of half of her ex-husband's medical practice interest. *Id.* at 512. The court reasoned that, because the plaintiff had knowledge of her injury at least by May 1989, when she filed a complaint alleging a fraudulent scheme, her RICO claim filed over four years later was untimely. *Id.* The Court rejected the plaintiff's argument that the "separate accrual rule" applied based on her allegations that she continued to suffer injuries. *Id.* at 513–14. The Court explained that for a claim to have separately accrued, "[i]t must be *a new and independent act* that is not merely a reaffirmation of a previous act," and "[i]t must *inflict new and accumulating injury* on the plaintiff." *Id.* at 513 (quoting *Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234 (9th Cir. 1987)). Because her injuries all stemmed from the loss of her interest in her former husband's medical practice, the Court found that there was no new and independent injury that could render the plaintiff's claim timely.

*Grimmett* is on all fours with the instant case. As in *Grimmett*, Delacruz indisputably knew of his injury, the denial of his law license, when he filed his first complaint in *Delacruz I* on December 4, 2014, which alleged nineteen causes of action against 54 defendants, including a claim for conspiracy that "the State Bar repeatedly violated Plaintiff's foregoing civil rights by colluding" to "have Plaintiff's law license denied." *See Delacruz I*, ECF No. 1, at ¶ 341. Thus, given the four-year statute of limitations, Delacruz had until December 2018 at the latest to file suit alleging a RICO violation, which he failed to do.

Case No. 19-CV-03241-LHK
ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

Moreover, having now filed suit, Delacruz fails to allege a "separate accrual" because he does not assert any "new and independent" act or injury. *See Grimmett*, 75 F.3d at 513. "[T]he injuries [Delacruz] claims are identical to those alleged previously," *see id.* at 514; namely, the repeated denial of his law license and the loss of his income as an attorney over seven years. *See, e.g.*, *Delacruz I*, Complaint, ECF No. 1 at ¶ 341 (alleging "damages to Plaintiff by depriving a United States citizen of a livelihood"). In the instant case, Delacruz again bases his claims, at least in part, on the fact that his "two previous law licenses were denied," Compl. at 7, an issue he has twice raised previously in federal court. *See Delacruz I*, ECF No.1; *Delacruz II*, ECF No. 1. Finally, even as to Delacruz's anticipated third application for a law license, any new allegations would at most constitute "merely a reaffirmation of a previous act," *see Grimmett*, 75 F.3d at 513; namely, the State Bar's two previous denials of his law license. Absent any new and independent injury, Delacruz has not separately accrued a cause of action that could render the instant suit timely.

As a result, Delacruz's RICO claim in Claim One is untimely, and the Court dismisses that claim in its entirety as to all Defendants. Furthermore, the Court finds that amending Claim One would be futile. *See Leadsinger*, 512 F.3d at 532. Plaintiff has admitted that Claim One is based on conduct "spanning several years" as the predicate acts supporting a RICO violation. *See* Opp'n to Fresno MTD at 8. Similarly, "damages may not be recovered for injuries sustained as a result of acts committed outside the limitations period." *Grimmett*, 75 F.3d at 512 (quoting *State Farm Mut. Auto Ins. Co. v. Ammann*, 828 F.2d 4, 5 (9th Cir. 1987)). Thus, Plaintiff simply cannot amend his RICO claim to allow him to recover for his pleaded injury, including "over seven years" worth of lost income. *See* Compl. at 7. The Court thus GRANTS the Fresno Defendants' motion to dismiss Claim One with prejudice.

### d. Failure to Plead a RICO Violation

The State Bar Defendants and the Fresno Defendants also argue that dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate because Plaintiff failed to adequately plead a violation of

21

RICO. State Bar MTD at 8–13; Fresno MTD at 4–14. Although the Court has already dismissed with prejudice Claim One in its entirety as untimely and Claim Two in its entirety under *Noerr-Pennington*, the Court agrees that neither of Delacruz's two claims plausibly alleges a RICO violation. Accordingly, the Court addresses these pleading deficiencies below, as they provide additional reasons that warrant dismissal of Delacruz's complaint.

As discussed above, in Delacruz's Complaint, Delacruz alleges two RICO violations. In Claim One, Delacruz alleges against all defendants a pattern of racketeering based on acts of mail fraud and wire fraud spanning several years. *See* Compl. at 6. In Claim Two, Delacruz alleges a RICO claim against Sherman and FP&S because of their email circulation of a police report that included Delacruz's social security number during discovery communications in *Delacruz I. Id.*

Although Delacruz does not allege specifically which subsection of 18 U.S.C. § 1962 the Defendants allegedly violated, the Court construes Delacruz's pro se Complaint liberally and determines that Delacruz alleges both claims under 18 U.S.C. § 1962(c). To successfully plead a RICO claim under § 1962(c), "Plaintiffs must plausibly allege that Defendants participated, directly or indirectly, in (1) the conduct (2) of an enterprise that affects interstate commerce, (3) through a pattern (4) of racketeering activity." *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, 295 F. Supp. 3d 927, 957 (N.D. Cal. 2018). A RICO plaintiff must also satisfy "RICO's statutory standing requirements, which require Plaintiffs to plausibly allege (1) an injury to 'business or property,' that is (2) 'by reason of a violation of section 1962.'" *Id.* (quoting § 1964(c)). "RICO is to be read broadly" and should "be liberally construed to effectuate its remedial purposes." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497-98 (1985)). Nonetheless, the Court finds that neither claim adequately pleads a RICO violation, and addresses each claim in turn.

In Claim One, the Court finds that Delacruz fails to adequately allege the predicate acts to support a RICO claim. Delacruz merely alleges that all of the defendants colluded through "the

22

U.S. postal service, telephone and internet in violation of 18 U.S.C. § 1341 (mail fraud) and § 1343 (wire fraud)," and that this scheme spanned "several years to conduct their pattern of multiple false pretenses and fraudulent misrepresentations to Delacruz." Compl. at 6–7. These conclusory allegations are plainly insufficient under Ninth Circuit precedent. The Ninth Circuit has long applied the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) for claims of fraud, including for predicate acts in RICO claims. *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Specifically, to meet Rule 9(b)'s requirements, Delacruz must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Id.* However, the Complaint lacks *any* allegation whatsoever regarding the time, place, manner, and role of each of the seven named defendants in Delacruz's alleged scheme of mail fraud and wire fraud. Accordingly, Claim One fails to meet the pleading requirements of Rule 9(b), and Claim One would thus otherwise be subject to dismissal for failure to state a claim.

Similarly, in Claim Two, Delacruz fails to adequately allege predicate acts for a RICO violation. Rather than alleging any enumerated predicate acts defined to be "racketeering activity," *see* 18 U.S.C. § 1961(1), Delacruz alleges that the act of disseminating a police report that included his social security number "violated [his] constitutional rights to privacy," Compl. at 6. "There is no RICO predicate based on allegations of unspecified 'civil rights violations.'" *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Ninth Circuit has regularly affirmed dismissals of RICO claims based on vague allegations of predicate acts that do not fall within the statutory definition of "racketeering activity." *See, e.g.*, *id.*; *Banks v. ACS Educ.*, 638 Fed. App'x 587, 589 (9th Cir. 2016). Accordingly, Delacruz fails to adequately allege a RICO conspiracy in Claim Two. This is yet another ground to dismiss Claim Two for failure to state a claim.

Although the Court would ordinarily grant leave to amend these pleading deficiencies, the Court has already granted dismissal of both claims in their entirety with prejudice for the reasons stated above. *See supra* Section III.A.1–2. Thus, Delacruz's failure to adequately allege a RICO

violation merely provides additional grounds for dismissal, and the Court need not grant leave to amend.

### B. Delacruz's Request for a Preliminary Injunction

Because the Court dismisses with prejudice the Complaint in its entirety, the Court DENIES as moot Delacruz's request for a preliminary injunction.

### C. Delacruz's Motion for Sanctions

Delacruz also filed a motion for sanctions against all of the defendants pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. In light of Defendants' meritorious arguments, the Court finds that sanctions are inappropriate.

As an initial matter, Defendants argue that the motion is procedurally defective for lack of compliance with Rule 11's safe harbor requirements. ECF Nos. 50 at 2; 51 at 1. Specifically, Rule 11 provides a "safe harbor" to parties by requiring a 21-day period between service and filing of the sanctions motion, during which time the non-movant may withdraw or correct any sanctionable filings. *See* Fed. R. Civ. P. 11. In this case, Delacruz failed to serve Defendants with a copy of the motion before it was filed. *See* ECF No. 49-2 at 1 (proof of service through ECF on date of filing). Because Delacruz failed to comply with Rule 11's requirements, the Court may not award any sanctions pursuant to Rule 11. *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001).

Delacruz also moved for sanctions under 28 U.S.C. § 1927. Unlike Rule 11, Section 1927 does not contain a safe harbor requirement. *See* 28 U.S.C. § 1927. However, even though Delacruz's motion for sanctions pursuant to Section 1927 is not procedurally deficient, it is without merit. Specifically, Section 1927 permits sanctions where an attorney "multiplies the proceedings in any case unreasonably and vexatiously." Although Delacruz contends that Defendants misinterpreted case law in their motions to dismiss, he fails to show how Defendants have "multiplie[d] the proceedings . . . unreasonably and vexatiously." *See* 28 U.S.C. § 1927. Moreover, as explained *supra* Section III.A, Defendants' positions are meritorious and have

Case No. 19-CV-03241-LHK
ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

resulted in dismissal of the entirety of Delacruz's Complaint with prejudice. Accordingly, Delacruz's motion for sanctions is DENIED as meritless.

### D. State Bar Defendants' Motion for Sanctions

The State Bar Defendants moved under Rule 11 for the Court to enter sanctions against Delacruz. Defs.' Mot. for Sanctions at 1. Specifically, the State Bar Defendants request that the Court enter an injunctive sanction to impose prefiling restrictions on Delacruz to prevent further meritless lawsuits. *Id.* at 5. The State Bar Defendants also request that the Court impose a $1,000 fine on Delacruz "as a sanction for the waste of the court's resources." *Id.* at 6. In opposition, Plaintiff makes a multitude of scattershot arguments, none of which are meritorious. Although the Court agrees that Delacruz's history warrants sanctions, the Court opts for monetary sanctions rather than imposing a pre-filing order at this time.

With regard to the injunctive sanction, the Ninth Circuit has explained that "such pre-filing orders should rarely be filed," and set forth four requirements that must be met before such a condition is imposed. *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990). Specifically, a court must:

> (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *De Long*, 912 F.2d at 1147–48). The first and second of these requirements are merely procedural, while the last two are substantive. *Id.* The Ninth Circuit closely scrutinizes pre-filing orders for compliance with both the procedural and substantive requirements and will vacate pre-filing orders that fail to comply with any of these requirements. *See, e.g.*, *id.* at 1067 (vacating a pre-filing order that complied with the procedural requirements but failed to meet substantive requirements).

Here, although a close call, the Court finds that an injunctive sanction requiring pre-filing

Case No. 19-CV-03241-LHK
ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS

United States District Court
Northern District of California

screening is not yet warranted.  The Court agrees that Delacruz's history of litigation is replete

with meritless filings, which have been denied almost without exception.  This history includes:

*Delacruz I* before United States District Judge Davila:

- N.D. Cal. Case No. 14-CV-05336-EJD, ECF No. 1 (complaint; dismissed);

- N.D. Cal. Case No. 14-CV-05336-EJD, ECF No. 194 (motion to strike; denied);

- N.D. Cal. Case No. 14-CV-05336-EJD, ECF No. 197 (motion to strike; denied);

- N.D. Cal. Case No. 14-CV-05336-EJD, ECF No. 201 (request for judicial notice; denied as irrelevant);

- N.D. Cal. Case No. 14-CV-05336-EJD, ECF No. 253 (amended complaint; dismissed);

- N.D. Cal. Case No. 14-CV-05336-EJD, ECF No. 277 (motion to recover expenses and costs; denied as "misplaced");

- N.D. Cal. Case No. 14-CV-05336-EJD, ECF No. 296 (motion seeking partial summary judgment; denied as "premature");

- N.D. Cal. Case No. 14-CV-05336-EJD, ECF No. 297 (motion for mandated default; denied);

- N.D. Cal. Case No. 14-CV-05336-EJD, ECF No. 278 (motion for mandated default; denied);

- N.D. Cal. Case No. 14-CV-05336-EJD, ECF No. 334 (motion for relief from judgment; denied as "without valid justification");

*Delacruz I* before the Ninth Circuit Court of Appeals:

- Ninth Circuit Case No. 17-17340, ECF No. 61 (motion to expedite case and motion for injunction pending appeal; denied);

- Ninth Circuit Case No. 17-17340, ECF No. 66 (denying appeal);

- Ninth Circuit Case No. 17-17340, ECF No. 67 (petition for rehearing en banc; denied);

*Delacruz I* before the United States Supreme Court:

- United States Supreme Court Case No. 19-194 (petition for writ of certiorari; denied);

*Delacruz II* before United States District Judge Freeman:

- N.D. Cal. Case No. 16-CV-06858-BLF, ECF No. 1 (complaint; dismissed);

- N.D. Cal. Case No. 16-CV-06858-BLF, ECF No. 52 (amended complaint; dismissed);

- N.D. Cal. Case No. 16-CV-06858-BLF, ECF No. 83 (second amended complaint; stricken as improperly filed);

- N.D. Cal. Case No. 16-CV-06858-BLF, ECF No. 91 (motion for relief from order striking second amended complaint; denied as meritless);

- N.D. Cal. Case No. 16-CV-06858-BLF, ECF No. 99 (motion for relief from final order; denied);

*Delacruz II* before the Ninth Circuit Court of Appeals:

- Ninth Circuit Case No. 18-16956, ECF No. 29, 36 (motions to expedite case and motion for injunction pending appeal; denied);

- Ninth Circuit Case No. 18-16956, ECF Nos. 42 (denying appeal); and

- Ninth Circuit Case No. 18-16956, ECF Nos. 45 (petition for rehearing en banc; denied).

Additionally, in this Order, the Court dismisses Plaintiff's complaint, ECF No. 1, in its entirety, and denies Plaintiff's motion for sanctions, ECF No. 49, as meritless. Examining "both the number and content of the filings as indicia" of frivolousness, the Court finds that this record more than adequately demonstrates that Delacruz's claims have been and continue to be "patently without merit." *See Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). In fact, in three separate cases against countless defendants (but always the State Bar) and throughout a plethora of unsupported legal claims, Delacruz has not once stated a meritorious claim nor filed a successful substantive motion.

However, given the demanding standards required of such "vexatious litigant" orders, the Court views the State Bar Defendants' alternative request for monetary sanctions to be the better path. Specifically, Federal Rule of Civil Procedure 11(b) requires attorneys and pro se litigants to certify that, to the best of their knowledge, information, and belief, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11(c) authorizes the

United States District Court
Northern District of California

imposition of appropriate sanctions for violations of Rule 11(b).

The Court agrees with the State Bar Defendants that a $1,000 fine payable to the Clerk of Court is an appropriate sanction under Rule 11(c) to compensate the Courts for the resources spent continuously adjudicating arguments that were previously found to be without merit. For example, Delacruz should have been aware of the State Bar's entitlement to sovereign immunity under the Eleventh Amendment, *see Delacruz II*, 2017 WL 3129207, at *2. Yet in his opposition to the State Bar Defendants' motion to dismiss, Delacruz provides circuitous and irrelevant arguments to justify the filing of yet another complaint against the State Bar. *See* Opp'n to State Bar MTD at 1–3. Similarly, Delacruz should have been aware that claims premised on the falsity of Officer Card's police report would be barred by operation of the *Heck* preclusion doctrine, s*ee Delacruz I*, 2015 WL 5697365, and yet continues to base his arguments on the "sham police report," *see* Opp'n to Fresno MTD at 22. Through numerous, substantive rulings issued in *Delacruz I* and *Delacruz II*, the Court finds that Delacruz has been provided ample notice that his legal contentions are legally unsupported. As a result, the Court holds that his lengthy and repetitive filings in this case violate Rule 11(b) and warrant the imposition of a $1,000 fine payable to the Clerk of Court.

In sum, Delacruz has filed three federal cases designed to overturn the State Bar's decision denying him a law license, a decision that he has already appealed directly to the California Supreme Court and the United States Supreme Court and that neither accepted for review. *See* State Bar MTD at 2–3. Delacruz has repeatedly declined to accept the well-reasoned decisions articulated by the *Delacruz I* and *Delacruz II* courts, both of which were upheld on appeal and denied en banc rehearing. In the instant, Delacruz again dresses his arguments in different clothing to attempt to procure a different outcome. The Court accordingly GRANTS in part the State Bar Defendants' motion for Rule 11 sanctions. Should Delacruz attempt to once again relitigate his disputes regarding his law license with the State Bar in a fourth federal lawsuit, additional sanctions, including the imposition of a pre-filing order, would likely be justified by

28

1  this record.

2  **IV.     CONCLUSION**

3         For the foregoing reasons, the Court rules as follows:

4         • The Fresno Defendants' motion to dismiss, ECF No. 33, is GRANTED;

5         • The State Bar Defendants' motion to dismiss, ECF No. 34, is GRANTED;

6         • Delacruz's motion for sanctions, ECF No. 49, is DENIED; and

7         • The State Bar Defendants' motion for sanctions, ECF No. 35, is GRANTED in

8              part.

9  All of Delacruz's claims are dismissed with prejudice.  Moreover, Delacruz is hereby ORDERED

10  to pay $1,000 to the Clerk of the Court within thirty days of this Order.

11  **IT IS SO ORDERED.**

12

13  Dated: January 15, 2020

14                                          _Lucy H. Koh_

15                                          LUCY H. KOH
                                            United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27                                          29

28  Case No. 19-CV-03241-LHK
    ORDER GRANTING MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND
    GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS